| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>_____<br>FORMAN HOLT ELIADES & RAVIN LLC<br>80 Route 4 East, Suite 290<br>Paramus, New Jersey 07652<br>(201) 845-1000<br>Attorneys for Catherine E. Youngman, Trustee<br>Kim R. Lynch (KL-5866) | |
| In re<br><br>STEVEN SEVERINO,<br><br>        Debtor. | Chapter 7 Proceeding<br><br>Case No. 05-32849 MS |
| CATHERINE E. YOUNGMAN, Trustee<br><br>        Plaintiff,<br><br>v.<br><br>STEVEN SEVERINO,<br><br>        Defendant. | Adv. Pro. No. |

**COMPLAINT TO REVOKE DEBTOR'S DISCHARGE,
FOR AN ACCOUNTING AND FOR CONVERSION**

Catherine E. Youngman, chapter 7 trustee ("Trustee"), through her attorneys, Forman Holt Eliades & Ravin LLC, by way of a complaint against Steven Severino (the "Debtor"), alleges upon information and belief as follows:

**PROCEDURAL BACKGROUND**

1. On July 14, 2005, ("Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of the United States Bankruptcy Code.

2. The Trustee was appointed on July 18, 2005, duly qualified it is acting in that

capacity.

3. The Debtor received his discharge on or about September 8, 2006.

## JURISDICTION

4. This adversary proceeding is brought within Case No. 05-32849 (MS) now pending before this Court.

5. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§157 and 1134 as this action arises under, in, or is related to a case under Title 11, United States Code ("Bankruptcy Code").

6. This adversary proceeding is brought pursuant to 11 U.S.C. §§542, 544 and 727.

7. This is a core proceeding pursuant to 28 U.S.C. §157.

8. Venue is proper under 28 U.S.C. §1409(a).

## GENERAL ALLEGATIONS

9. On the Petition Date, the Debtor and his non-filing spouse owned real property in which they resided located at 543 Church Street, Ridgefield, New Jersey (the "Residence"). The Debtor listed four mortgages on the Residence.

10. The Trustee filed a complaint with this Court to determine the validity of the mortgages and to sell the Residence free and clear of the interest of the Debtor's non-filing spouse.

11. In response to the complaint, the Debtor offered to purchase the estate's interest in the Property for $75,000 – an amount the Trustee determined was sufficient to pay all scheduled unsecured claims and costs of administration in full.

12. The Debtor listed six unsecured creditors in his schedules. None of the general unsecured creditors listed in the Debtor's schedules were listed as disputed, contingent or unliquidated. All of the general unsecured creditors were listed as holding fixed claims in stated

amounts.

13. The Debtor and his father, Anthony Severino, each filed claims in the Debtor's case. Both claims were disallowed. After the claims were disallowed, the Debtor contacted American Express Bank, FSB ("American Express") and e-Cast Settlement Corporation assignee of Bank of America/FIA Card Services ("e-Cast"), each of whom had filed claims in the Debtor's case, and disputed the validity of their respective claims and threatened each of them with Fair Debt Collection Action ("FDCA") violations and sanctions.

14. Because of the Debtor's actions, the Trustee sought and obtained an order directing the Debtor to cease interfering with the Trustee's administration of the Debtor's estate. The Trustee believed that the Debtor was using the threatened FDCA litigation to intimidate American Express and e-Cast to withdraw their claims so that the funds in the estate would revert back to the Debtor as excess funds.

15. The Debtor advised the Trustee that he disputed the e-Cast claim on the basis that it had been satisfied. Despite the issuance of a subpoena, the Debtor provided no documentation to the Trustee to support his assertion that the e-Cast claim had been paid.

16. The Debtor advised the Trustee that he also disputed the American Express claim because the statement attached to the American Express claim listed the Debtor's address as 16 Beverly Road, Hillsdale, New Jersey (the "Hillsdale Address"). The Debtor denied any knowledge of the Hillsdale Address. In fact, the Debtor testified under oath at a deposition conducted under Rule 2004 of the Federal Rules of Bankruptcy Procedure that he was unfamiliar with the Hillsdale Address and did not know who resided at the Hillsdale Address.

17. The Trustee learned that an individual named Armando Duarte ("Duarte") resides at the Hillsdale Address and has resided there for several years. The Trustee inquired of the Debtor

whether he knew Duarte. The Debtor admitted knowing three individuals named Armando Duarte, but denied knowing the Duarte who resided at the Hillsdale Address.

18. The Debtor has had significant and substantial contact with Duarte, both prior and subsequent to the Petition Date. In fact, despite testifying under oath to the contrary, the Debtor knew that Duarte resided at the Hillsdale Address.

19. Prior to the Petition Date, the Debtor had engaged in a business with Duarte called Apex Records Inc. ("Apex"). The Debtor and Duarte opened a bank account for Apex at Commerce Bank. Both the Debtor and Duarte signed the signatory cards. Duarte listed his address as the Hillsdale Address.

20. Prior to the Petition Date, the Debtor loaned Duarte $60,000 (the "Duarte Receivable").

21. Subsequent to the Petition Date, and without the knowledge of the Trustee, the Debtor placed a mortgage on the Hillsdale Address and another property owned by Duarte to secure the Duarte Receivable.

22. Duarte thereafter filed a chapter 11 bankruptcy case with this Court under Case No. 06-14788 (RG). The Debtor asserted a secured claim against Duarte in the amount of $60,000. The Debtor actively participated in Duarte's case and attempted to secure the repayment of the Duarte Receivable.

23. The Duarte Receivable was not listed as an asset on the Debtor's schedules.

24. The Trustee was not advised of the Duarte Receivable.

25. The Trustee lost any opportunity to either attempt to secure payment of the Duarte Receivable or investigate as to whether a nondischargeable claim existed against Duarte.

26. Pursuant to the settlement, the Trustee filed proofs of claim for those creditors who

failed to file a proof of claim on their own behalf, including CitiBusiness Cards and Citibank Mastercard (collectively, "Citibank"), First USA, and Household Retail Services.

27. The Debtor advised the Trustee that he disputed the validity of <u>all</u> of the claims he listed in his schedules.

28. The Trustee issued subpoenas to the credit card companies for documentation to support the allowance of a claim against the estate. Each of the creditors, with the exception of Household Retail Services, responded to their respective subpoena and provided documents to support a claim against the estate.

29. The Trustee also issued a subpoena to the Debtor demanding documents to prove his assertion that he had satisfied obligations to certain creditors.

30. The Debtor produced bank statements showing that on the Petition Date, he maintained a checking account at a Valley National Bank with a balance as of the Petition Date of $18,500.79 (the "VNB Account").

31. The VNB Account was not listed as an asset on the Debtor's schedules.

32. The Debtor failed to turnover the VNB Account.

33. The Debtor used the VNB Account for his own use and benefit.

## **COUNT ONE**

### **(Revocation of Discharge pursuant to 11 U.S.C. §727(d)(2))**

34. The Trustee repeats each and every allegation contained in prior paragraphs of this Complaint as if fully set forth herein.

35. The Debtor acquired the VNB Account and knowingly and fraudulently failed to report the acquisition of or entitlement to the funds in the VNB Account.

36. The Debtor failed to deliver or surrender the VNB Account to the Trustee.

37. The Debtor became entitled to the Duarte Receivable and knowingly and fraudulently failed to report the entitlement to the Duarte Receivable to the Trustee.

38. The Trustee is entitled to judgment revoking the Debtor's discharge pursuant to pursuant to 11 U.S.C. §727(d)(2).

WHEREFORE, the Trustee demands judgment (i) revoking the Debtor's discharge pursuant to 11 U.S.C. §727(d)(2); (ii) awarding to the Trustee her costs of suit, including reasonable attorneys' fees; and (iii) granting to the Trustee such other relief as this Court deems just and proper.

## COUNT TWO
### (For an Accounting)

39. The Trustee repeats each and every allegation contained in prior paragraphs of this Complaint as if fully set forth herein.

40. The Trustee is entitled to an accounting of the VNB Account.

WHEREFORE, the Trustee demands judgment (i) directing the Debtor to provide an accounting of the VNB Account, (ii) awarding to the Trustee her costs of suit, including reasonable attorneys' fees; and (iii) granting to the Trustee such other relief as this Court deems just and proper.

## COUNT THREE
### (For Conversion)

41. The Trustee repeats each and every allegation contained in prior paragraphs of this Complaint as if fully set forth herein.

42. The VNB Account is property of the estate.

43. The Debtor, through his action, has converted the VNB Account for his own use.

44. The Trustee is entitled to the value of the VNB Account.

WHEREFORE, the Trustee demands judgment pursuant 544 of the Bankruptcy Code (i)

6

directing the Debtor to turnover the value of the VNB Account to the Trustee, (ii) awarding to the Trustee her costs of suit, including reasonable attorneys' fees; and (iii) granting to the Trustee such other relief as this Court deems just and proper.

### COUNT FOUR
### (For Willful Violation of the Automatic Stay)

45. The Trustee repeats each and every allegation contained in prior paragraphs of this Complaint as if fully set forth herein.

46. The Debtor obtained the VNB Account.

47. The Debtor exercised control over the VNB Account.

48. The Debtor exercised control over the Duarte Receivable.

49. The Trustee is entitled to actual damages, including costs and attorneys' fees for the Debtor's willful violation of the automatic stay pursuant to Section 362(k) of the Bankruptcy Code.

50. The Trustee is entitled to punitive damages for the Debtor's willful violation of the automatic stay pursuant to Section 362(k) of the Bankruptcy Code.

WHEREFORE, the Trustee demands judgment pursuant 362 of the Bankruptcy Code (i) awarding actual damages to the Trustee, including costs and attorneys' fees; (ii) awarding punitive damages to the Trustee; and (iii) granting to the Trustee such other relief as this Court deems just and proper.

                    FORMAN HOLT ELIADES & RAVIN LLC
                    Attorneys for Trustee

By:    /s/Kim R. Lynch
         Kim R. Lynch

Dated: January 12, 2009
m:\tte\cy\severino\727 revoke\complaint.doc